HENSAL, P.J., DISSENTING.
 

 {¶ 24} I respectfully dissent as to the majority's resolution of the second assignment of error. There is an ongoing lack of clarity in the law regarding the applicable standard when a parent seeks to regain legal custody from a nonparent legal custodian.
 
 See, e.g.,
 

 Polhamus v. Robinson
 
 , 3d Dist. Logan No. 8-16-11,
 
 2017-Ohio-39
 
 ,
 
 80 N.E.3d 1142
 
 (recognizing a three-way private
 shared custody agreement and requiring a parent to show a change of circumstances and best interest before modifying legal custody, relying on the test applicable in cases where the child has been adjudicated dependent, neglected, or abused). The issue warrants consideration by the legislature, particularly as there is no clear statutory guidance for the courts when considering whether to modify legal custody as between a parent and a non-parent in a private custody case. Under the facts of this case, I would not find that it was error for the juvenile court to consider, as a threshold matter, whether Mother had demonstrated a change in the circumstances of the child or the legal custodians.
 

 {¶ 25} As to the merits of Mother's due process argument, I would conclude that she did not preserve the issue for appellate review. She failed to object below, and merely sought, and was given, the opportunity to reorder her witnesses at the hearing. Accordingly, I would overrule the second assignment of error.
 

 {¶ 26} As to Mother's first assignment of error which the majority declined to address as moot, I would overrule that assignment of error. Based on a review of the record, I would conclude that the juvenile court did not abuse its discretion when it found no change of circumstances warranting a modification of legal custody.